# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

DIANA MEKAEIL,

    *Defendant.*

Case No. 16-10016-EFM-2

## MEMORANDUM AND ORDER

In October 2016, Petitioner Diana Mekaeil ("Petitioner") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to a violation of 21 U.S.C. § 843(b), use of a communication facility to distribute a controlled substance. The Court sentenced Petitioner to 48 months imprisonment followed by one year of supervised release. Petitioner now brings an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 155).[1] In this motion, Petitioner contends that she received ineffective assistance of counsel. As explained below, the Court denies Petitioner's § 2255 claim and denies the motion without an evidentiary hearing. In addition, the Court denies Petitioner's request for counsel (Doc. 149).

---

[1] Petitioner filed a Motion to Vacate under § 2255 (Doc. 148) on September 3, 2019. She filed an amended motion several months later, and the Court will review her amended motion.

## I. Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. On January 1, 2016, Petitioner was indicted on one count of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Petitioner's Co-Defendant was charged with three additional counts in violation of 18 U.S.C. § 922(g).

On January 22, 2016, Petitioner had her first appearance, and counsel was appointed. On February 19, 2016, substitute counsel entered his appearance in the case. Petitioner's counsel filed a motion to suppress, and a hearing was held on June 13, 2016. Approximately two weeks later, on June 30, 2016, the Court denied Petitioner's motion.

On October 12, 2016, an Information was filed against Petitioner, charging her with one count of knowingly and intentionally using a communication facility (a cellular telephone) to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. § 843(b). On October 28, 2016, Petitioner signed a Waiver of Indictment and agreed to proceed by way of Information.

On October 28, 2016, the parties entered into a Rule 11 Plea Agreement.[2] Petitioner pleaded guilty to Count 1 of the Information. She admitted to using her cellular telephone to set up the sale of methamphetamine from the Hampton Inn hotel in Mulvane, Kansas. She agreed that she received several calls about purchasing methamphetamine and that she conveyed to the buyers such information "as where to pick up the drugs, the cost of the drugs, and what drugs were for sale." Petitioner also admitted that the individuals came to the hotel and purchased the drugs.

---

[2] In a separate document, Petitioner also waived her right to indictment.

In return for her guilty plea, the Government agreed to recommend a sentence at the low end of the applicable guideline range and recommended that Petitioner receive a two-level reduction in the applicable offense level for acceptance of responsibility. On June 12, 2017, the Court sentenced Petitioner to 48 months of imprisonment followed by one year of supervised release.

On June 13, 2017, Petitioner appealed this Court's denial of her motion to suppress to the Tenth Circuit. On September 14, 2018, the Tenth Circuit affirmed this Court's decision denying Petitioner's motion to suppress.[3] On September 28, 2018, Petitioner requested to join in her Co-Defendant's Petition for Rehearing en Banc in Appeal No. 17-3018. On October 26, 2018, the Petition for Rehearing en Banc was denied. The Tenth Circuit issued its mandate on November 5, 2018. On April 15, 2019, the United States Supreme Court denied Petitioner's request for certiorari.

On September 3, 2019, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 148). She also filed a Motion to Appoint Counsel (Doc. 149). In her Motion to Vacate, she asserted three grounds for which she contended her sentence was unconstitutional. First, she stated that her conviction was "obtained by use of evidence obtained pursuant to unconstitutional search." She claimed that the warrant affidavit did not contain sufficient evidence to satisfy probable cause for a warrant. Next, she argued that "collected evidence should be inadmissible due to tainted evidence." She stated that the search was from an "uncredited source." Finally, she asserted

---

[3] *See United States v. Amador*, 752 F. App'x 541, 549 (10th Cir. 2018). The Tenth Circuit's order jointly addressed Petitioner's and her Co-Defendant's appeal.

"invited error" and that the Tenth Circuit "erred in finding claim [sic], the district court should not have applied the legal rule raised on appeal."

The Government responded to Petitioner's § 2255 motion and asserted that the Plea Agreement barred Petitioner's collateral attack. Petitioner's Plea Agreement contained the following:

> **<u>Waiver of Appeal and Collateral Attack</u>**. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. <u>The defendant does reserve her right to appeal the Court's order relating to the motion to suppress.</u> (Docs. 36, 39, 56). The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

The Government argued that (1) Petitioner's claims fell within the waiver's scope, (2) Petitioner entered into the Plea Agreement knowingly and voluntarily, and (3) it would not be a miscarriage of justice to enforce the waiver. In addition, the Government substantively argued that Petitioner's first and second claims were precluded because they were raised and disposed of on direct appeal. As to Petitioner's third claim, the Government contended that it was also precluded because it was initially raised by incorporation with her Co-Defendant's Petition for Rehearing en Banc.

Petitioner then filed an Amended Motion to Vacate under 28 U.S.C. § 2255 on December 12, 2019 (Doc. 155). In this motion, Petitioner continues to assert three grounds for error. Petitioner, however, contends that they all fall under ineffective assistance of counsel. Petitioner's first ground asserts ineffective assistance of counsel due to her counsel's failure "to argue the search warrant would not have contained sufficient evidence for probable cause. The warrant was issued after numerous people had entered the room causing evidence to be tainted." As to ground two, Petitioner contends her counsel was ineffective because he "failed to raise the issue of the uncredited source at the time the room was entered. If there was a danger posed by the contents stated to be in plain sight why would the source admit to staying and 'cleaning' the room before notifying a manager." Petitioner's third ground states that her counsel was ineffective because he "failed to address the issue that the court of appeals erred in finding claim, district court should not have applied the legal rule raised on appeal, creating a split decision." The Government did not file a response to Petitioner's Amended Motion.

Petitioner requests dismissal of conviction with the option of a reduced sentence. As discussed below, based on a review of the record, the Court finds Petitioner's assertions of error to be without merit.

## II. Legal Standard

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [t]he judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[5] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[6]

### III. Analysis

**A. Section 2255 Motion**

Petitioner contends that she received ineffective assistance of counsel.[7] In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test

---

[4] 28 U.S.C. § 2255(b).

[5] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[6] *See id.* at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[7] In Petitioner's original § 2255 motion, she did not bring ineffective assistance of counsel claims, and the Government argued that her claims were precluded by her Plea Agreement. Petitioner then filed an amended § 2255 motion only asserting ineffective assistance of counsel claims. Petitioner's claims, however, still have the same underlying reasoning as her original motion. She has simply titled them differently. The Court will nevertheless address her claims.

set forth in *Strickland v. Washington*.[8] Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived her of the right to a fair trial.[9] To prevail on the first prong, a petitioner must demonstrate that the omissions of her counsel fell "outside the wide range of professionally competent assistance."[10] With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[12] This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[13] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[14] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[15]

---

[8] 466 U.S. 668 (1984).

[9] *Id*. at 687-89.

[10] *Id*. at 690.

[11] *Id.* at 694.

[12] *Id*.

[13] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[14] *Strickland*, 466 U.S. at 690.

[15] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

As to Petitioner's first two claims of ineffective assistance, she asserts that her trial counsel failed to argue that the search warrant did not contain sufficient evidence for probable cause and failed to argue that the search was based on information from an "uncredited source." A review of the record reveals otherwise. Indeed, Petitioner's counsel argued in the motion to suppress that there was insufficient evidence demonstrating probable cause for a search warrant to issue. In addition, Petitioner's counsel asserted that the source's veracity or reliability was not known. Thus, Petitioner's first two ineffective assistance of counsel claims are directly contradicted by the record and without merit.[16]

Petitioner's third assertion takes issue with the Tenth Circuit's opinion, affirming this Court's suppression order, in which the circuit found that the invited error doctrine precluded it from reviewing Petitioner's first argument.[17] It appears that Petitioner asserts that counsel should have argued that the circuit should not have applied this principle.[18] Again, the record here demonstrates that Petitioner's counsel did, in fact, assert that argument. Petitioner joined in her Co-Defendant's Petitioner for Rehearing en Banc. In this motion, counsel argued that the invited

---

[16] Prejudice is a necessary component of an ineffective assistance of counsel claim. The Court notes that Petitioner did not argue that her counsel's performance resulted in prejudice presumably because her counsel did, in fact, make the arguments she asserts he should have made. In Petitioner's original § 2255 motion, she did not bring ineffective assistance of counsel claims. Instead, she asserted that the evidence was obtained pursuant to an unconstitutional search because the search warrant did not contain sufficient evidence for probable cause and the search was based on information from an "uncredited source." Petitioner asserted these arguments on direct appeal. Arguments previously presented and rejected on direct appeal cannot be presented again in a § 2255 motion if there was no intervening change in the law. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

[17] *See United States v. Amador*, 752 F. App'x 541, 549 (10th Cir. 2018) (stating that "[t]he invited error doctrine . . . is 'a species of waiver' that 'precludes a party from arguing against a proposition the party willingly adopted' before the district court.") (citing *United States v. Rodebaugh*, 798 F.2d 1281, 1304 (10th Cir. 2015)).

[18] In Petitioner's original § 2255, she asserted that the Tenth Circuit erred and should not have applied the legal rule.

error doctrine was not applicable in this case. The Tenth Circuit denied the Petition for Rehearing en Banc.[19] Thus, Petitioner's final ineffective assistance of counsel claim is without merit.

An evidentiary hearing is not necessary on Petitioner's motion because Petitioner's allegations are not supported by the record. Petitioner does not provide the Court with a basis for vacating her sentence. Accordingly, Petitioner's § 2255 motion is without merit and is denied.

**B.     Motion to Appoint Counsel**

Petitioner also filed a Motion to Appoint Counsel. Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions."[20] It is within the district court's discretion to appoint counsel in a habeas case if the "interests of justice so require."[21] When determining whether to appoint counsel, some of the factors to consider include: "[(1)] the merits of the litigant's claims, [(2)] the nature of the factual issues raised in the claims, [(3)] the litigant's ability to present his claims, and [(4)] the complexity of the legal issues raised by the claims."[22] If an evidentiary hearing is required, the Court must appoint counsel.[23]

Here, as noted above, Petitioner's claims are not meritorious, and there are no factual issues. The legal issues are not complex, and Petitioner ably presented her arguments to the Court. No evidentiary hearing is required. Thus, the Court denies Petitioner's Motion to Appoint Counsel.

---

[19] The United States Supreme Court also denied certiorari.

[20] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[21] 18 U.S.C. § 3006A(a)(2).

[22] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[23] Rule 8(c) of the Rules Governing Section 2255 Proceedings.

C.   **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[24] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[25] For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 148) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Petitioner's Amended Motion to Vacate under 28 U.S.C. § 2255 (Doc. 155) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 149) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 5th day of February, 2020.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[24] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* 28 U.S.C. § 2253(c)(1).

[25] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).