**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| vs. | Case No. 16-10016-02-EFM |
| DIANA MEKAEIL, | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Diana Mekaeil's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 165). She seeks early release from prison so she can give daily care to her mother while her mother undergoes chemotherapy for breast cancer. She also seeks release due to the threat of being re-infected with COVID-19 and having serious complications from it. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

## I.      Factual and Procedural Background

On October 28, 2016, Defendant pleaded guilty to use of a communication facility to distribute a controlled substance, in violation of 21 U.S.C. § 843(b). On June 9, 2017, Defendant was sentenced to 48 months imprisonment. Defendant is 28 years old, and she is currently incarcerated at Carswell FMC. There have been 513 positive COVID-19 cases, and six inmates

have died in the facility in which Defendant is housed.[1]  Currently, there are six active inmate cases and three active staff cases.[2]  Defendant's projected release date is January 1, 2022.

On August 31, 2020, Defendant filed a motion seeking early release because her mother's chemotherapy for breast cancer necessitated help with daily living and her father was unable to provide the proper amount of care.  In Defendant's reply, she also seeks release by stating that she tested positive for COVID-19 and because her immune system is now compromised, she has a higher risk of re-contracting COVID-19 in prison.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file her own motion for release.[3]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) [s]he has exhausted all administrative rights to appeal the

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited October 20, 2020).

[2] *Id.*

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[Bureau of Prisons' ("BOP")] failure to bring a motion on [her] behalf, or (2) 30 days have passed since the warden of his facility received [her] request for the BOP to file a motion on [her] behalf.' "[4]  The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.     Analysis

Defendant seeks early release based on the alleged need to be a caregiver to her mother with breast cancer and the risk of re-infection of COVID-19 in prison.  The government asserts that Defendant is not an appropriate candidate for early release.

### A.     Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  She requested compassionate release from the Warden on July 11, 2020, which was denied on July 12, 2020. The government concedes that Defendant meets the exhaustion requirement.  Thus, because more than 30 days have passed since Defendant's request to the Warden, the Court will proceed and determine the merits of Defendant's motion.

### B.     Extraordinary and Compelling Reasons

Defendant asserts that her mother's chemotherapy, and her father's inability to provide adequate care, constitutes an extraordinary and compelling reason for early release because she can help provide care for her mother.  In addition, she states that the risk of re-infection from COVID-19 is an additional reason for a sentence reduction.  In this case, neither reason is sufficient.

As to Defendant's caregiver assertion, family circumstances can sometimes establish an extraordinary and compelling reason warranting release.  Specifically, the "family circumstances" application note to § 1B1.13 provides that an extraordinary or compelling reason may exist for a reduction in sentence due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered

partner."[8]  Here, neither circumstance exists.  Defendant's mother is neither her spouse nor the caretaker of her children.

Furthermore, even if the Court was inclined to find that caring for an incapacitated parent was an extraordinary and compelling reason,[9] Defendant fails to demonstrate to the Court that she is the only potential caregiver.[10]  Defendant's parents are married.  There is no evidence that her father is incapable of caring for her mother.  Instead, Defendant simply states that her father is unable to provide the proper amount of care because he is 66 and works frequently.  In addition, Defendant's Presentence Investigation Report ("PSR") indicates that she has as least two siblings who reside in the Wichita area who could potentially provide care to their mother.[11]  Thus, although the Court is sympathetic to Defendant's family circumstances, Defendant's assertion that her mother may need additional caregiver help does not constitute an extraordinary and compelling reason warranting release in this case.

Defendant also asserts that although she was already diagnosed with COVID-19, she is at risk of re-infection by remaining in prison because her immune system is now compromised. Defendant, however, does not assert any underlying medical conditions that would cause her to be at risk for serious complications from COVID-19.  In addition, it does not appear that she had

---

[8] U.S. Sentencing Guidelines Manual, § 1B1.13, Application Notes, 1(C)(i)–(ii).

[9] *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding that an extraordinary and compelling reason warranting compassionate release existed because the defendant was the *only* available caregiver for his ailing mother).

[10] *Id.*; *United States v. Nevers*, 2019 WL 7281929, at *6 (E.D. La. 2019) (distinguishing the facts in the case from *Bucci* because the defendant did not demonstrate that she was the only potential caregiver for her mother). *See also United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio 2019) (finding that the family circumstances of aging and sick parents do not constitute extraordinary and compelling circumstances warranting compassionate release).

[11] The PSR indicates that one sibling lives with Defendant's parents.

-6-

medical complications from already having COVID-19, thus diminishing any concerns that she will or would develop severe complications if she were to contract it again. Finally, based on current scientific and medical information, there is no indication as to the likelihood that Defendant could be re-infected.[12]  Generalized concerns about COVID-19, even when the virus has spread within a correctional facility,[13] do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[14]  The Court recognizes the concerns and risks of COVID-19, but the presence of it in her facility does not justify a compassionate release, particularly when Defendant already had COVID-19 without any evidence of severe health complications. Accordingly, Defendant does not make any individualized showing about appropriate family circumstances or her increased vulnerability to contracting COVID-19 a second time and having significant or severe health issues. Thus, she does not meet her burden to demonstrate extraordinary and compelling circumstances warranting compassionate release.

---

[12] CDC, *Duration of Isolation and Precautions for Adults with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited October 20, 2020) (noting that "[t]here are no confirmed reports to date of a person being reinfected with COVID-19 within 3 months of initial infection."). The Court notes that CDC guidance and information changes frequently as more information becomes known about COVID-19.

[13] In this case, there are only six active inmate cases and three active staff cases at Carswell FMC.

[14] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

-7-

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 165) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE